■ In the Matter of WARREN LIBURT, Also Known as WARREN ALAN LIBURT, an Attorney, Respondent. SOLOMON A. KLEIN, as Chief Counsel for Judicial Inquiry on Professional Conduct, Kings County, Petitioner.— In this proceeding to discipline respondent for professional misconduct, etc., he has submitted his written resignation from the Bar for consideration by this court. He was admitted by this court to practice as an attorney and counselor at law on March 5, 1954 under the name of Warren Alan Liburt. The charges against respondent, set forth in the petition herein, dated January 20, 1970, are: (1) he forged the signature of the executor of two decedents' estates and the signature of the testamentary trustee of a third decedent's estate upon various estate checks, as maker, fraudulently uttered the checks, and converted the proceeds thereof to his own use, as follows: (a) 12 checks of one estate between February 23, 1968 and September 16, 1968, totaling $5,900; (b) 3 checks of a second estate between July 23, 1968 and December 13, 1968, totaling $3,480; and (c) 6 checks of the third estate between August 30, 1968 and September 9, 1968, totaling $2,825; and (2) he forged the signature of the executor of a fourth decedent's estate upon an estate check for $3,000, as maker, and fraudulently uttered the check, on or about September 3, 1968. Respondent submitted an answer to the petition expressly admitting the charges. Thereafter respondent moved this court, by order to show cause returnable March 20, 1970 (Motion No. 925), (1) to permit him to withdraw his answer and to file an amended answer (not materially different from his original answer, except that it alleged that respondent was at the times in question and still is severely emotionally disturbed and unfit to practice law, that that condition caused him to commit the acts in question, and that he submits his resignation from the Bar or in the alternative consents to a suspension from practice); (2) to forthwith suspend him from practice pending the proceeding; and (3) to accept his resignation from the Bar. Among the papers submitted in support of that motion is respondent's resignation from the Bar. It is dated and acknowledged on March 10, 1970 and states that respondent thereby submits his resignation from the Bar, effective immediately, and requests that his name be struck from the roll of attorneys and counselors at law. The order to show cause contains a provision directing that, upon the written consent of his attorney (appended to the order to show cause), respondent is forthwith suspended from the practice of law pending determination of his motion. Subsequent to the making of the motion just mentioned, the following papers were submitted to this court: (1) a stipulation between petitioner in person and respondent's attorney, dated March 26, 1970, withdrawing the motion and agreeing that respondent's suspension continue in effect pending the proceeding; (2) respondent's affidavit stating that he consents to the suspension, that he elects not to contest the charges, that he withdraws both his original answer and his above-mentioned proposed amended answer, that, based upon the charges and his above-mentioned written resignation, he consents to the making of an order, without further notice to him, directing that his name be struck from the roll of attorneys and counselors at law, and that he executed the resignation of his own free will, without

duress, compulsion, restraint or promises of any nature; and (3) affidavits of three attorneys, one of whom is his attorney in this proceeding, stating that they are satisfied that respondent, in executing the resignation, knew its nature and consequences. In accordance with the above-mentioned stipulation, respondent's motion is deemed withdrawn. The above-mentioned resignation of respondent as a member of the Bar is accepted and directed to be filed; and respondent's name is struck from the roll of attorneys and counselors at law, effective April 13, 1970. Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.